IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. WR-40,828-09






EX PARTE BILLY DALE WALKER, Applicant








ON APPLICATION FOR A WRIT OF HABEAS CORPUS


CAUSE NO. 986593D IN THE 213TH DISTRICT COURT

TARRANT COUNTY



 

 Per curiam.


 O R D E R



 This is an application for a writ of habeas corpus which was transmitted to this Court 
pursuant to the provisions of Tex. Code Crim. Proc. art. 11.07. Applicant was convicted
of the offense of theft, and punishment was assessed at twelve (12) months' confinement. 
Applicant's appeal was dismissed. Walker v. State, No. 02-05-342-CR (Tex. App. -- Fort
Worth, delivered October 27, 2005, no pet.).

 Applicant contends that his plea of guilty was involuntary due to the ineffective
assistance of counsel. Specifically, Applicant asserts that counsel: conveyed a plea offer of
six months in this case without telling Applicant that he had only one day in which to accept
the offer, so that Applicant lost the chance to accept the offer; told Applicant that he would
receive a sentence of ten years if he did not accept the plea offer of twelve months; refused
to file a motion to suppress Applicant's coerced confession; and failed to investigate the case. 
Applicant further asserts that, based on counsel's conduct, Applicant did not trust counsel
to try the case.

 The trial court has not entered findings of fact or conclusions of law. We believe that
Applicant has alleged facts that, if true, might entitle him to relief. Therefore, it is this
Court's opinion that additional facts need to be developed and because this Court cannot hear
evidence, the trial court is the appropriate forum. The trial court shall resolve those issues
as set out in Tex. Code Crim. Proc. art. 11.07, § 3 (d), in that it may order affidavits,
depositions, or interrogatories from counsel, or it may order a hearing. In the appropriate
case the trial court may rely on its personal recollection. 

 If the trial court elects to hold a hearing, the court shall first decide whether Applicant
is indigent. If the trial court finds that Applicant is indigent and Applicant desires to be
represented by counsel, the trial court will then, pursuant to the provisions of Tex. Code
Crim. Proc. art. 26.04, appoint an attorney to represent him at the hearing. 

 Following receipt of additional information, the trial court shall make findings of fact
as to whether Applicant's descriptions of counsel's conduct are accurate. Further, the trial
court shall make findings as to the reasons for counsel's conduct and how such conduct
affected Applicant's decision to plead guilty. The trial court shall also make any further
findings of fact and conclusions of law it deems relevant and appropriate to the disposition
of the application for writ of habeas corpus.

 The trial court shall supplement the habeas record with copies of all documents upon
which its findings are based, including copies of the indictment, judgment, plea bargain
papers, waivers, admonishments, excerpts of the trial transcript, affidavits from counsel, and
any other relevant documents.

 Because this Court does not hear evidence, Ex Parte Rodriguez, 334 S.W.2d 294 (Tex.
Crim. App. 1960), this application for a post-conviction writ of habeas corpus will be held
in abeyance pending the trial court's compliance with this order. Resolution of the issues
shall be accomplished by the trial court within ninety (90) days of the date of this order. (1) A
supplemental transcript containing all affidavits and interrogatories or the transcription of the
court reporter's notes from any hearing or deposition, along with the trial court's
supplemental findings of fact and conclusions of law, shall be returned to this Court within
one hundred twenty (120) days of the date of this order. (2)

 IT IS SO ORDERED THIS THE 5 DAY OF April, 2006.

EN BANC

DO NOT PUBLISH 
1. In the event any continuances are granted, copies of the order granting the continuance
shall be provided to this Court.
2. Any extensions of this time period shall be obtained from this Court.